[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 27, 2010
JOHN LEY
CLERK

No. 10-11896
Non-Argument Calendar
_____

Agency No. A088-099-785

BALTAZAR RAMIREZ-RAMIREZ,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 27, 2010)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

*Pro se* petitioner Baltazar Ramirez-Ramirez, a native and citizen of Guatemala of Mayan descent, seeks review of the Board of Immigration Appeals' (BIA) order affirming the immigration judge's (IJ) denial of his application for asylum, 8 U.S.C. § 1158(a); withholding of removal, 8 U.S.C. § 1231(b)(3); and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c). We dismiss his petition in part and deny it in part.

Ramirez-Ramirez entered the United States in July 2000 without being admitted or paroled. In 2008, he filed an application for asylum, withholding of removal, and CAT relief based upon his race and membership in a particular social group, namely the Maya Indians. At a removal hearing, Ramirez-Ramirez testified that in Guatemala in 1999 he had been beaten by four men who told him he should die and that "all Mayans should disappear from Guatemala." Ramirez-Ramirez did not seek medical attention or contact the police after this incident, and he experienced no other problems from the time of the attack until he fled Guatemala several months later. Ramirez-Ramirez's mother, sisters, and grandfather remained in Guatemala undisturbed. Ramirez-Ramirez explained that he had not filed his asylum application sooner because he was unaware of the opportunity.

The IJ denied relief from removal, finding the asylum application untimely and that the circumstances did not excuse its tardiness. The IJ further found that Ramirez-Ramirez had not shown eligibility for withholding of removal or CAT relief based on the single isolated incident. The IJ noted that Ramirez-Ramirez's family remained in Guatemala unharmed.

On appeal to the BIA, Ramirez-Ramirez challenged only the denial of asylum and withholding of removal. The BIA affirmed, finding the asylum application time-barred and that Ramirez-Ramirez had not shown that circumstances warranted excusing the untimely application. The BIA further found that Ramirez-Ramirez failed to show it was more likely than not he would be persecuted on account of a protected ground if he returned to Guatemala. Finally, the BIA determined that Ramirez-Ramirez had not shown he was entitled to CAT relief. This petition for review followed.

Ramirez-Ramirez argues that "extraordinary circumstances" excused the untimely filing of his asylum application. With respect to his claim for withholding of removal, Ramirez-Ramirez argues that he was persecuted in Guatemala based on his race and membership in a particular social group.[1]

---

[1] Ramirez-Ramirez did not challenge the denial of CAT relief before the BIA; therefore, he has failed to exhaust the issue and we lack jurisdiction to review it even though the BIA addressed it *sua sponte*. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir.

A. Asylum

We review our subject-matter jurisdiction *de novo*. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003). An alien may apply for asylum if he "demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). An application filed after one year may be considered if the alien shows "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified." 8 U.S.C. § 1158(a)(2)(D). "[N]o court shall have jurisdiction to review any determination of the Attorney General regarding the timeliness of the asylum application." *Chacon-Botero v. U.S. Att'y Gen.*, 427 F.3d 954, 956 (11th Cir. 2005) (quotation omitted).

Here, the BIA determined that Ramirez-Ramirez's asylum application was time-barred and that he had not demonstrated extraordinary circumstances to

2006). In any event, Ramirez-Ramirez's argument concerning the BIA's denial of his request for CAT relief is limited to a passing reference in his brief. This is inadequate to raise his CAT claim before this court, and we conclude he has abandoned it. *Greenbriar, Ltd. v. City of Alabaster,* 881 F.2d 1570, 1573 n.6 (11th Cir. 1989). Finally, Ramirez-Ramirez argues for the first time in his petition for review that he established eligibility for withholding of removal based on a pattern or practice of persecution. Because he did not raise this argument before the BIA, he has failed to exhaust it and we lack jurisdiction to consider it. *Amaya-Artunduaga*, 463 F.3d at 1250.

4

excuse his untimely filing. We lack jurisdiction to review that determination and accordingly dismiss Ramirez-Ramirez's petition for review with respect to his asylum claim.

B. Withholding of Removal

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the Board adopts the IJ's reasoning, we review the IJ's decision as well." *Id.* We review legal determinations *de novo*, and review "administrative fact findings under the highly deferential substantial evidence test." *Rivera v. U.S. Att'y Gen.,* 487 F.3d 815, 820 (11th Cir. 2007) (quotation omitted). We must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Silva v. U.S. Att'y Gen.,* 448 F.3d 1229, 1236 (11th Cir. 2006) (quotations omitted). To reverse a factual finding by the BIA, we must find that "the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*).

To be granted withholding of removal, an alien must show that his life or freedom would be threatened on account of his race, religion, nationality,

5

membership in a particular social group, or political opinion. *Sanchez v. U.S. Att'y Gen.,* 392 F.3d 434, 437 (11th Cir. 2004). Persecution is an "extreme concept" requiring more than a few isolated incidents of verbal intimidation and minor physical abuse. *Kazemzadeh v. U.S. Att'y Gen.,* 577 F.3d 1341, 1347, 1353 (11th Cir. 2009). When seeking withholding of removal, an "alien bears the burden of demonstrating that he more-likely-than-not would be persecuted or tortured upon his return to the country in question." *Id.* (quotation omitted).

The BIA found that Ramirez-Ramirez failed to meet his burden of demonstrating past persecution. We agree. One isolated incident alone does not rise to the "extreme concept" of persecution. Furthermore, Ramirez-Ramirez has not shown that it is more likely than not that he would be persecuted if he returned to Guatemala. Ramirez-Ramirez experienced no problems between the time of the incident and his flight to the United States several months later. Neither he nor his family received threats after Ramirez-Ramirez left Guatemala, and his family members who remain in Guatemala have never been harmed. *See Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1259 (11th Cir. 2006) (considering lack of harm to alien's family who remain in the alien's country). On these facts, we conclude the record does not compel reversal of the BIA's order affirming the denial of withholding of removal.

**PETITION DISMISSED IN PART AND DENIED IN PART.**